UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                            )
MARIA SILVA, on behalf of   )
DUANE M. FORDHAM,           )
                            )
            Plaintiff,      )
                            )
        v.                  )      C.A. No. 05-134 S
                            )
JO ANNE B. BARNHART,        )
COMMISSIONER OF SOCIAL      )
SECURITY,                   )
                            )
            Defendant.      )
_____ )
```

MEMORANDUM AND DECISION

WILLIAM E. SMITH, United States District Judge

Plaintiff Maria Silva ("Plaintiff"), on behalf of her deceased son Duane M. Fordham ("Fordham"), seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying Fordham Disability Insurance Benefits ("DIB"). See 42 U.S.C. § 405(g). This Court referred review of the Commissioner's decision to United States Magistrate Judge David L. Martin for preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Martin issued a Report and Recommendation ("R&R") advocating that this Court grant Defendant's Motion for an Order Affirming the Decision of the Commissioner ("Defendant's Motion") and deny Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision

("Plaintiff's Motion"). Plaintiff raises several objections to the R&R, while Defendant argues for its adoption.

I.   Factual Background & Procedural History[1]

Fordham filed an application for DIB in July of 1996, alleging that a sickle cell trait/disease, a personality disorder, and substance addiction rendered him disabled since April of 1996. His application was denied initially and on reconsideration. In May of 1998, Fordham requested a hearing before an Administrative Law Judge ("ALJ"). Fordham died later that year, and his mother, Maria Silva, was eventually substituted as the party who would receive Fordham's retroactive DIB, if he was found entitled.

ALJ Barry Best held hearings on May 6, 1999 and October 26, 1999. ALJ Best issued a decision on March 28, 2000, finding that Fordham was not disabled. Plaintiff requested review by the Appeals Council. The Appeals Council granted her request, and on July 3, 2002, the Appeals Council vacated ALJ Best's decision and remanded to an ALJ for further review. The Appeals Council determined that two issues needed to be resolved: (1) the severity of Fordham's personality disorder; and (2) whether Fordham had a severe impairment other than his drug addiction. Thus, the Appeals Council directed the ALJ as follows: (1) obtain evidence from a medical expert in order to assess Fordham's mental impairments; (2)

_____

[1] The facts and procedural history are taken largely from the R&R. See R&R at 2-5.

2

apply the steps of the sequential evaluation in 20 C.F.R. §
404.1520 to consider all of Fordham's impairments, including his
drug use; and (3) if Fordham is found disabled, then conduct the
requisite proceedings to determine if Fordham's drug addiction was
a contributing material factor to the finding of disability.

On remand, the matter came before ALJ Martha Bower. ALJ Bower
conducted a hearing on December 16, 2002 and issued a decision on
March 14, 2003. ALJ Bower concluded that Fordham "did not suffer
from a severe impairment," (Bower Dec. at 6), and further that
Fordham "would not be found disabled but for his drug addiction and
the limitations therefrom." (Id. at 15 n.9.) It is undisputed,
however, that ALJ Bower did not document the mandatory special
technique for evaluating mental impairments. See 20 C.F.R. §
404.1520a ("when we evaluate the severity of mental impairments for
adults . . . we must follow a special technique at each level in
the administrative review process"). Plaintiff again requested
review by the Appeals Council, but her request was denied,
rendering ALJ Bower's decision the final decision of the
Commissioner.[2]

Plaintiff filed her action in this Court on March 29, 2005.
On August 30, 2005, Plaintiff's Motion was filed and on September
28, 2005, Defendant's Motion was filed. On October 14, 2005, this

---

[2] Thus, the Commissioner's decision and ALJ Bower's decision
are used interchangeably.

Court referred the Matter to Magistrate Judge Martin.   On June 28, 2006, Magistrate Judge Martin issued an R&R, recommending affirmance the Commissioner's decision that Fordham was not disabled.

Plaintiff promptly objected to the R&R, and Defendants filed a reply.  This Court heard oral argument on August 15, 2006.

II.   Standards of Review

This Court must conduct "a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72.  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).

When reviewing a decision of the Commissioner, this Court conducts a de novo review of questions of law.  Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999).  The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Brown, 71 F. Supp. 2d at 30 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), based upon "the evidence in the record as a whole." Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  However, the ALJ's findings of fact are "are not conclusive when derived by ignoring evidence, misapplying the law, or judging

4

matters entrusted to experts." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999).

III. <u>Plaintiff's Allegations of Error</u>

Plaintiff asserts three reasons why this Court should reject Magistrate Judge Martin's R&R and either reverse the Commissioner's decision without a remand, or reverse the Commissioner's decision with a remand for further administrative proceedings. Regarding Fordham's sickle cell disease/trait, Plaintiff contends that Magistrate Judge Martin erred in recommending affirmance of ALJ Bower's finding that Fordham did not have a severe physical impairment apart from his substance abuse. Regarding Fordham's personality disorder, Plaintiff first argues that Magistrate Judge Martin erred in finding that substantial evidence supported the ALJ's decision that Fordham did not have a severe mental impairment apart from his substance abuse. Finally, Plaintiff contends that the ALJ's failure to apply the mandatory special technique for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a was not harmless error.

A. <u>Physical Impairment: Sickle Cell Trait/Disease</u>

Plaintiff argues that ALJ Bower's decision that Fordham did not have a severe physical impairment is not supported by substantial evidence. This Court must defer to the way in which ALJ Bower resolved conflicts in the evidence and to her decisions to accord greater weight to certain physician's opinions. <u>See</u>

Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 4
(1st Cir. 1987) ("It is the Secretary's province to resolve
conflicts in the medical evidence."); id. at 3 (treating
physician's opinion not necessarily entitled to greater weight than
consulting physician's).  Furthermore, this Court must affirm the
ALJ's decision, even if it is not the one this Court would make, so
long as the decision is supported by substantial evidence.  See
Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 131 (1st
Cir. 1981) ("Although we as the trier of fact might have reached an
opposite conclusion, we cannot say that a reasonable mind could not
have decided as did the [Commissioner] and we are, therefore,
constrained to uphold [her] decision.").

There is ample record evidence, constituting substantial
evidence, that supports the ALJ's non-severe finding for Fordham's
physical impairment.  For example, after review of the medical
evidence of Fordham's physical impairment, two Disability
Determination Services physicians found that his physical
impairment was not severe, while a third concluded that his pain
complaints and hospitalizations should stop if drug and alcohol use
was discontinued.  See R&R at 15 n.15.  In addition, hospital
records from 1997 reveal that Fordham's sickle cell trait "is not
associated with painful crisis" (Bower's Dec. at 9-10) (quoting Ex.
7, p. 36), and his pain syndrome was viewed as "questionable . . .
versus malingering and drug seeking."  (Bower's Dec. at 9) (citing

6

Ex. 7F, p. 65). Although Dr. Rintels believed that Fordham suffered from a "hematologic disease prompting chronic pain episodes," even he admitted that drug use may have had a role in his complaints (Bower's Dec. at 11) and questioned whether Fordham had withdrawal symptoms as opposed to a medical illness. (Id. at 10) (citing Ex. 9F, p. 291). Moreover, as noted by Magistrate Judge Martin, "Plaintiff does not appear to challenge the ALJ's recitation of the evidence, only her conclusions." See R&R at 10 n. 11 (citing Pl.'s Mem at 9-12; Pl.'s Reply at 3).

Because of the deference this Court must afford the ALJ, Plaintiff's objections regarding Fordham's physical impairment do not warrant reversal or remand. Moreover, this Court finds that Magistrate Judge Martin's review of ALJ Bower's decision that Fordham's physical impairment, apart from his substance abuse, was not severe is both thorough and well reasoned. Accordingly, this Court adopts that portion of the R&R. See R&R § 1 at 9-20.

   B.   Mental Impairment: Personality Disorder

ALJ Bower failed to apply the mandatory technique set forth in 20 C.F.R. § 404.1520a for evaluation of mental impairments. Therefore, Plaintiff contends that substantial evidence does not support ALJ Bower's non-severe finding for Fordham's personality disorder, and furthermore, this failure renders her decision unreviewable. Defendant concedes that the special technique should have been followed, but argues that the failure to do so was

harmless error because the ALJ relied upon Dr. Clifford's psychiatric review technique form ("PRTF") which contained the required findings and supports the non-severity finding.

Although Magistrate Judge Martin found Defendant's contention persuasive, this Court does not.  Review of Dr. Clifford's PRTF reveals multiple problems.  First, the PRTF does not distinguish which limitations stem from Fordham's substance abuse and which stem from his personality disorder.  Second, the PRTF appears to this Court to be internally inconsistent:  on page six, in the "Personality Disorders" section, Dr. Clifford checked off that Fordham had "[i]nflexible and maladaptive personality traits which cause either a significant impairment in social or occupational functioning or subjective distress . . . ," but then rated his degree of limitations as "none," "slight," "seldom," or "never." In light of Dr. Clifford's finding that Fordham had a "significant impairment," in conjunction with Fordham's well-documented frequent hospital visits, this Court finds Dr. Clifford's conclusion that Fordham had barely any functional limitation unsupportable.  Third, the PRTF does not constitute substantial evidence because it merely contains checked boxes rather than written comments and medical conclusions.  See Berrios Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991) (reports containing brief conclusory statements and checked off boxes entitled to relatively little weight).

The ALJ is required — in a written decision — to "incorporate the pertinent findings and conclusions based on the technique"; "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)"; and "include a specific finding as to the degree of limitation in each of the functional areas described in paragraph ©) of this section." 20 C.F.R. § 404.1520a(e)(2).  In this case, it is undisputed that ALJ Bower did not do so.

In Grogan v. Barnhart, the Tenth Circuit found an ALJ's failure to follow the dictates of 20 C.F.R. § 404.1520a(b)(1) was reversible error.  399 F.3d 1257, 1266 (10th Cir. 2005).  In that case, the ALJ overlooked testimony of mental illness and "failed to evaluate Grogan's 'pertinent symptoms, signs, and laboratory findings to determine whether [he had] medically determinable mental impairment(s)' as required when evaluating evidence of mental illness."  Id. (quoting 20 C.F.R. § 404.1520a(b)(1)). Because of this error, and several others, the matter was reversed and remanded.

In Brueggemann v. Barnhart, the Eight Circuit faced a problem analogous to the one before this Court, and determined that reversal and remand were the proper course.  348 F.3d 689 (8th Cir. 2003).  In Brueggemann, the ALJ "did not follow the correct procedure for considering claims concerning alcoholism in rejecting

9

Brueggemann's application." Id. at 691-92.  Both in Brueggmann and here, the Commissioner conceded that the proper procedure was not followed, but argued that it was harmless error.  The Brueggmann Court disagreed, noting that "the ALJ may not silently disregard" regulations duly promulgated by the Commissioner.  Id. at 694.

Plaintiff points to Moore v. Barnhart, where the Eleventh Circuit joined its "sister circuits in holding that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions."  405 F.3d 1208, 1214 (11th Cir. 2005) (emphasis added).[3]  The Court found that "[f]ailure to do so requires remand."  Id.

ALJ Bower's failure to comply with the straightforward process set forth in 20 C.F.R. § 404.1520a is an error of law.  This Court finds persuasive authority for reversal and remand when proper procedures have not been followed.  Because this Court finds that ALJ Bower's failure to follow the mandatory special technique was not harmless error, it declines to adopt Magistrate Judge Martin's analysis on this issue.  See R&R § 3 at 29-34.

Furthermore, because of ALJ Bower's failure to follow the special mandatory technique and her reliance on Dr. Clifford's PRTF

---

[3] Regulations in effect at that time required the ALJ to complete a PRTF.

(which is both internally inconsistent and contradicted by the record), this Court finds the ALJ's decision that Fordham's mental impairment was not severe unsupported by substantial evidence. See Nguyen, 172 F.3d at 35 (ALJ's factual findings not conclusive when derived by ignoring evidence or misapplying law). Therefore, this Court also declines to adopt Magistrate Judge Martin's analysis of Fordham's personality disorder. See R&R § 2 at 20-29. Accordingly, the question of whether Fordham's mental impairment rendered him disabled is remanded to the ALJ for reevaluation and compliance with 20 C.F.R. § 404.1520a.

IV.  Conclusion

     This Court adopts only the portions of Magistrate Judge Martin's R&R, issued on June 28, 2006, that contain the background, law, and review of the Commissioner's decision that Fordham's physical impairment was not severe. R&R at 1-20. For the reasons discussed above, this Court declines to adopt both the portion of the R&R addressing the Commissioner's determination that Fordham's mental impairment was not severe, id. at 20-29, and the section of the R&R regarding the failure to follow the mandatory special technique. Id. at 29-34. This Court remands to the ALJ Plaintiff's claim for disability benefits on behalf of Fordham based on his mental impairment. The ALJ is ordered to reevaluate Fordham's personality disorder and to follow 20 C.F.R. § 404.1520a.

Accordingly, Plaintiff's Objection to the R&R is GRANTED IN PART and DENIED IN PART.  Defendant's Motion for an Order Affirming the Decision of the Commissioner is GRANTED IN PART and DENIED IN PART.  Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision is GRANTED IN PART and DENIED IN PART.


Enter:


_____

WILLIAM E. SMITH
United States District Judge
Date: 9/14/06


12